UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON ARDGALL,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SAUSALITO, et al.,<br><br>        Defendants. | Case No. 22-cv-04722-EMC<br><br>**ORDER TO SHOW CAUSE** |

On March 31, 2023, the Court issued an order directing Ms. Ardgall to show cause as to why her case should not be dismissed without prejudice based on a failure to prosecute. The Court forewarned Ms. Ardgall that, if she did not timely file a response, then her case would automatically be dismissed without prejudice based on her failure to prosecute. The Court's order to show cause was served on Ms. Ardgall at the address of record, as well as at other physical addresses and email addresses that appeared in other filings from Ms. Ardgall.

On April 1, 2023, Ms. Ardgall sent an email to the Courtroom Deputy.[1] The Court has not filed a copy of that email because it contains personal information about Ms. Ardgall that she may not wish to have publicly revealed. The Court, however, shall describe in general terms the content of her email. Ms. Ardgall states, *inter alia*, that she has had difficulty accessing the Internet and that she has been experiencing housing difficulties.

Based on Ms. Ardgall's email, the Court discharges its order to show cause dated March

---

[1] The copies of the order that were mailed to physical addresses were returned as undeliverable. *See* Docket Nos. 32-33. However, it appears that Ms. Ardgall received a copy of the order through her email address.

1  31. However, the Court notes for Ms. Ardgall that, although it is not unsympathetic to her situation, she still has an obligation to prosecute this suit. Her complaint was predicated on the Marinship Park encampment being closed, her having no alternative place to stay, and her fear that she would be arrested simply for being homeless. In her email, Ms. Ardgall appears to have housing issues still but there is no indication that the City or its employees or agents have threatened to arrest her based on her status as a homeless person. Indeed, the Court refers Ms. Ardgall again to the City's representation that it "does not currently plan to arrest any individual for sleeping outdoors or on public property when they do not have alternative housing available to them at night under Resolution No. 6008 and 6009." Gregory Decl. ¶ 2 (dated 1/31/2023).

Taking into account the above, the Court shall proceed as follows. The Court orders Ms. Ardgall to show cause as to why her case should not be dismissed based on the City's representation that it will, in effect, comply with the Ninth Circuit's decision in *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), which held that "an ordinance violates the Eighth Amendment insofar as it imposes criminal sanctions against homeless individuals for sleeping outdoors, on public property, when no alternative shelter is available to them." *Id.* at 604.

The Court acknowledges that "'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case' unless 'it can be said with assurance that "there is no reasonable expectation . . . " that the alleged violation will recur' and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018). On the other hand, "[w]here [the defendant] is the government we presume that it acts in good faith, though the government must still demonstrate that the change in its behavior is 'entrenched' or 'permanent." *Id.* Taking into account the history of the main Marinship Park case (which was filed back in 2021) and the number of individual suits (including Ms. Ardgall's) that followed, the Court is satisfied that the City has demonstrated that its representation that it will comply with *Martin* is made in good faith and that this is an entrenched and firm position.

Ms. Ardgall's response to this order to show cause shall be filed by **May 23, 2023**. The Court forewarns Ms. Ardgall that if she does not file a timely response, then her case shall

1  automatically be dismissed with prejudice based on mootness grounds.  To be clear, a dismissal
2  based on mootness would not preclude Ms. Ardgall from filing a new suit should the City and/or
3  its employees or agents arrest her in violation of *Martin*.

4      The Court shall serve a copy of this order on Ms. Ardgall's address of record, and it shall
5  also send courtesy copies of this order to:

- The address listed in her email: 1600 Bryant #410596, San Francisco, CA 94941.
- The email address listed in her complaint: ardgallm@gmail.com.
- The email address she recently used to communicate with the Court: pantherareclusa@gmx.com.

**IT IS SO ORDERED**.

Dated: April 25, 2023

_____
EDWARD M. CHEN
United States District Judge